ELIZA S. HANCOCK

v.

W. F. CLARK, APT.

JANUARY TERM, 1896.

*Construction of contract. Dividends on shares sold. Usury.*

1. The plaintiff by written contract sold to the defendant certain shares of bank stock. The contract provided that " the sum of all dividends declared each year on all shares unpaid shall be in lieu of interest on the same." *Held*, that the dividends on shares not paid for belonged to the plaintiff.

2. Such a contract would not be usurious, although under its operation the plaintiff received more than the legal rate of interest upon the purchase price of her shares.

General assumpsit. Pleas, the general issue, payment and tender. Trial by jury at the September term, 1895, Orleans county, START, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff sought to recover dividends declared upon certain shares of Barton National Bank stock in January and July, 1888. December 27, 1884, the plaintiff sold and transferred to the defendant twelve shares of Barton National Bank stock, and received from the defendant the following writing :

" GLOVER, VT., Dec. 24th, 1887.

" For value received, for twelve shares of Barton National Bank stock, I promise to pay Mrs. E. S. Hancock, or

bearer, twelve hundred and sixty dollars as follows: Two hundred and ten dollars on delivery of said stock to me, and the same amount each year, or before, thereafter, until the whole is paid. The sum of all dividends declared each year on all shares unpaid shall be in lieu of the interest on the same; but if at any time between the declaring of such dividends, such shares are paid for, the interest on such share, or shares, shall be such a part per share of six dollars as the time bears to the whole year."

At the date of the transfer the defendant paid the plaintiff $210 and on Feb. 29, 1888, paid to the plaintiff $1050 more, making in all the sum of $1260.

It appeared that Jan. 2, 1888, and July 8, 1888, there had been declared a dividend of three dollars on each of said shares at each of these dates, that the defendant received these dividends, and that no part of the same had ever been paid by the defendant to the plaintiff.

At the close of the testimony the court directed a verdict for the plaintiff.

*Cook & Redmond* for the defendant.

If a contract contemplates the payment of the sums claimed by the plaintiff it is a usurious one and cannot be enforced. *Stevens* v. *Fisher*, 23 Vt. 272; *Hathaway* v. *Hagean*, 59 Vt. 75.

*W. W. Miles* for the plaintiff.

It was the condition of the contract that the plaintiff should have the dividends in lieu of interest and the defendant having received these dividends holds them to the use of the plaintiff. Chitty's Pl. 339 n. 5; *Bikford* v. *Ins. Co.*, 67 Vt. 419.

ROSS, C. J. The only contention in this court, is in regard to the construction to be given to the contract, between the parties of Dec. 24th, 1887. At that date the

plaintiff sold and transferred to the defendant twelve shares of the capital stock of the Barton National Bank, for which the defendant paid then two hundred and ten dollars and gave his obligation to pay the plaintiff ten hundred and fifty dollars additional, payable one-fifth each year, or before, thereafter until the whole was paid. Then follows this provision : " The sum of all dividends declared each year on all shares unpaid shall be in lieu of the interest on the same ; but if at any time between the declaring of such dividends, any shares are paid for, the interest on such share, or shares, shall be such a part per share of six dollars as the time bears to the whole year." The defendant contends that, because of the words, "sum of all dividends declared each year," the parties intended that interest should be reckoned on the shares unpaid for at their par value from the time of declaring the January dividends each year to the end of that year, and that the dividends made that year are to be added together and their sum applied as a general payment, first to liquidate the interest then due, and the balance, if any, to be applied on the principal. We do not think the language used evidences such an intention. No interest is reserved except on shares paid for between the times of declaring dividends. It is clearly expressed that the dividends on the unpaid shares are to be in lieu of interest on the same. Whether dividends would be declared, and if so, of what amount, was doubtful, and subject to contingencies. If interest was intended to be reserved, we should have expected it would be upon the amount agreed to be paid per share and not upon the par value. We think the parties clearly intended to give the plaintiff the dividends on the shares unpaid for in lieu of interest. The plaintiff was to take the risk of the dividends on the shares not paid for being sufficient to pay the interest on her capital invested in them. This being the general provision between the parties, there follows the provision commencing with "but" to meet

a condition which was likely to occur, inasmuch as the contract left the time of payment optional with the defendant; and of which he availed himself. If the defendant elected to pay for any of the shares between the declaring of dividends, then he was to pay interest on such shares from the time of the last dividend.

Nor does this construction render the contract usurious as contended by the defendant. There is no reservation of interest above six per cent. by the terms of the contract, nor by any understanding of the parties. It was wholly uncertain whether the dividends would be more or less than six per cent. per annum. Because the defendant happened to select a time to pay for the shares which gave the plaintiff more than six per cent. does not render the contract usurious. The sale of these shares was shortly before an expected dividend. It was practically a sale with the dividends reserved to the plaintiff. No doubt the price agreed to be paid per share was less than it otherwise would have been but for the fact that by the terms of the contract the plaintiff was to have the dividend which was expected to be made in a short time thereafter. If this dividend had not been made the plaintiff would have failed to receive anything for the use of her investment since the dividend next before the making of the contract.

*Judgment of the county court is affirmed.*